**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**KENNETH HAWKES and ZOE GREENE,**   )
                                                    )
        **Plaintiffs,**                             )
                                                    )          **Civil Action No.**
        **v.**                                      )          **19-11484-FDS**
                                                    )
**BSI FINANCIAL, INC.,**                            )
                                                    )
        **Defendant.**                              )
_____)

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

**SAYLOR, C.J.**

        This is an action arising out of a mortgage foreclosure.  In 2003, plaintiffs Kenneth

Hawkes and Zoe Greene executed a mortgage loan on their property.  They later defaulted on

that loan.  In June 2019, the servicer for their mortgage, defendant BSI Financial, held a

foreclosure auction on the mortgaged property.  Plaintiffs allege that they were given no notice

of the foreclosure in violation of three Massachusetts statutes.  The complaint raises five counts

arising out of the alleged notice defects, seeking damages and injunctive relief.

        After removing the case to this Court, defendant has moved for summary judgment on all

counts.  For the reasons set forth below, the motion for summary judgment will be granted.

**I.      Background**

        The following facts are as set forth in the record and are undisputed except as noted.

        On October 28, 2003, plaintiffs Kenneth Hawkes and Zoe Greene executed an adjustable-

rate note in the principal amount of $199,900 with Cambridge Mortgage Group, Inc.  (Cantu Aff.

¶ 3 & Ex. A).[1]  As security for the loan, plaintiffs granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Cambridge Mortgage Group, Inc., a mortgage on real property located at 12 Suffolk Court in Lynn, Massachusetts.  (Cantu Aff. ¶ 4 & Ex. B).

On March 27, 2013, MERS assigned the mortgage to Nationstar Mortgage, LLC.  (Cantu Aff. ¶ 5 & Ex. C).  Ultimately, the mortgage was assigned to U.S. Bank Trust National Association, as Trustee for Igloo Series III Trust.  (Cantu Aff. ¶ 6-8).  BSI Financial Services, Inc. was the servicer for the loan on behalf of U.S. Bank Trust.  (Marinsoci Aff. ¶ 3).

At some point between 2015 and 2018, plaintiffs fell behind on their monthly payments under the loan agreement.  Plaintiffs claim that this occurred "[i]n or around 2018," (Sec. Amend. Compl. ¶ 5).  However, defendant submitted a letter, dated April 27, 2017, indicating that plaintiffs had failed to make loan payments dating back to October 1, 2015.  (Cantu Aff. Ex. F).[2]

On June 26, 2019, a foreclosure sale was held for the mortgaged property.  (Marinsoci Aff. Ex. A, 2-4).  Plaintiffs allege they first learned of the foreclosure auction that same day, when an attorney for the auction firm came to their door.  (Sec. Amend. Compl. ¶ 10).

Plaintiffs allege that BSI did not send three separate notices required by Massachusetts law:  the Notice of Mortgagee Sale (as required by Mass. Gen. Laws ch. 244 § 14), the Notice of the Right to Cure (as required by Mass. Gen. Laws ch. 244 § 35A), and the Notice of the Right to Modification (as required by Mass. Gen. Laws ch. 244 § 35B).  (Sec. Amend. Compl. ¶¶ 17-20).

BSI contends that it sent all three required notices in compliance with the Massachusetts

---

[1] The Second Amended Complaint alleges that the "mortgage loan" was in the amount of $238,000.  (Sec. Amend. Compl. ¶ 4).  This statement appears to be contradicted by the evidence, but in any event it is immaterial to the issues here.

[2] That document was also attached to the Second Amended Complaint, but plaintiffs have not attempted to reconcile the disparity.

statutes.  (*See* Cantu Aff. ¶¶ 8-11 & Exs. F, G, H, I; Marinosci Aff. ¶¶ 4-5 & Exs. A, B).

On June 27, 2019, plaintiffs filed an action in Essex Superior Court to quiet title.  (Not. of Removal, Ex. 1).  On July 8, 2019, BSI removed that suit to this Court.  (*Id.*)

Plaintiffs have since amended their original complaint.  Their most recent complaint, the Second Amended Complaint, raises claims under Mass. Gen. Laws ch. 244, § 14 (Count 1), Mass. Gen. Laws ch. 244, § 35A (Count 2), Mass. Gen. Laws ch. 244, § 35B (Count 3), Mass. Gen. Laws ch. 183, §21 (Count 4), and Mass. Gen. Laws ch. 93A, § 9 (Count 5).  They seek both money damages and to have the foreclosure sale rescinded.

Defendant, having yet to file an answer, has moved for summary judgment.[3]

## II.   **Legal Standard**

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotation marks omitted).  Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Essentially, Rule 56[] mandates the entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  In making that determination, the court must view "the record in the light most favorable to the nonmovant,

---

[3] Although unusual, a defendant is allowed to file a motion for summary judgment prior to filing an answer. Rule 56 states that absent a local rule or court order otherwise, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b) (emphasis added).  Courts and treatises considering the rule have concluded that filing a summary judgment motion prior to answering the complaint conforms with Rule 56(b).  *See, e.g., Jones v. U.S. Dept. of Justice*, 601 F. Supp. 2d 297, 302 (D.D.C. 2009);  10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROC.  § 2718 (4th ed. 2019).

drawing reasonable inferences in his favor." *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009).  As for what constitutes that record, "[c]ourts and parties have great flexibility with regard to evidence that may be used on a Rule 56 proceeding, and as Rule 56(c) makes clear, in deciding summary judgment motions courts may consider any material that would be admissible or usable at trial . . . ." *Asociacion De Periodistas De Puerto Rico v. Mueller*, 680 F.3d 70, 78 (1st Cir. 2012) (internal quotations omitted). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotations omitted).  The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256–57.

## III.    Analysis

BSI has filed for summary judgment on all five counts.  In substance, it contends that the alleged violations of Massachusetts law underlying all of plaintiffs' claims are factually untrue. The inquiry, then, is whether there is a genuine dispute of fact as to whether BSI complied with the foreclosure notice provisions of Mass. Gen. Laws ch. 244, §§ 14, 35A, and 35B.

### A.    Mass. Gen. Laws ch. 244, § 14 Notice

The first dispute concerns the notice required by Mass. Gen. Laws ch. 244, § 14.  That statute, in relevant part, provides that a foreclosure sale is permissible only if

> notice of the sale has been sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of sale, said notice to be mailed by registered mail at least 14 days prior to the date of sale . . . to the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage.

*Id.*  There is no dispute that the appropriate address for such a mailing was 12 Suffolk Court in Lynn, the property in question.  (*See* Marinosci Aff. ¶ 6; Sec. Amend. Compl. ¶ 1).

4

It is well-settled that the notice of sale letter required by ch. 244, § 14 need only be *sent*, and that a mortgagor's actual receipt of the letter is not required.  *See* Mass. Gen. Laws ch. 244, § 14 ("[N]otice of the sale [must have] been *sent* by registered mail . . . .") (emphasis added); *Hull v. Attleboro Savings Bank*, 33 Mass. App. Ct. 18, 24-5 (1992) ("The fourteen-day registered mail notice requirement is satisfied by mailing and nonreceipt is irrelevant.").

BSI contends that it sent the required notice.  Chad Morrone, the managing attorney for Marinosci Law Group, PC, submitted an affidavit stating that his firm mailed out the notice by certified and regular mail on May 31, 2019.  (Marinosci Aff. ¶ 4).  He further attested that a true and accurate copy of this letter was attached to his affidavit.  (*Id.* ¶ 4 & Ex. A).  An exhibit to his affidavit provided a U.S. Postal Service tracking number for the notice.  (Marinosci Aff. ¶ 5 & Exs. A, B).

In response, plaintiffs have submitted what appears to be a screenshot of a USPS tracking number search conducted through Google.com.  (Pl. Ex. A).[4]  The screenshot appears to reflect a search of the relevant tracking number and displays a result of "package returned to sender."  (*Id.*).

Plaintiffs' evidence is inadequate to defeat summary judgment as to the claim of failure to provide notice under § 14.  First, a stand-alone screenshot of an Internet search, unaccompanied by even a bare-bones authenticating affidavit, is not admissible and may not be considered on summary judgment.  *See Carmon v. Toledo*, 215 F.3d 124, 131-2 (1st Cir. 2000) (refusing to consider documents on summary judgment when submitted without any authenticating affidavit); *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1091 (C.D. Cal. 2005)

---

[4] Plaintiffs' exhibits are all attached to the Second Amended Complaint, and their opposition to defendant's motion refers to those documents.

(finding that evidence in the form of unauthenticated "web page documents" could not be considered on summary judgment motion).  The screenshot here is not from an official government website, and therefore it is not self-authenticating under Fed. R. Evid. 902(5).

In any event, even assuming the admissibility of the document, it falls well short of creating a genuine dispute of fact as to whether the required statutory notice was sent.  At most, the screenshot shows that the package associated with the postal tracking number was returned to the sender.  (Pl. Ex. A).  But BSI's exhibit establishes the exact same fact:  that the package was mailed and ultimately returned to the original sender.  (Marinosci Aff. Ex. B).

But the fact that the notice was returned to sender is not the critical inquiry.  Again, the notice requirements of the statute are "satisfied by mailing and nonreceipt is irrelevant."  *Hull*, 33 Mass. App. Ct. at 24-5.  Plaintiffs have produced no admissible evidence creating a genuine dispute as to the fact that the notice required by § 14 was sent.  Accordingly, and because Count 1 is predicated exclusively on allegations of a violation of ch. 244, § 14, summary judgment will be granted as to that count.

### B.    Mass. Gen. Laws ch. 244, §§ 35A Notice

The second dispute concerns the notice required by Mass. Gen. Laws ch. 244, § 35A.  As a general matter, § 35A gives a residential mortgagor a 90-day right to cure a default.  The statute also contains a notice requirement that prohibits the enforcement of any mortgage obligation because of a payment default "until at least 90 days after the date a written notice [of the right to cure] is given by the mortgagee to the mortgagor."  Mass. Gen. Laws ch. 244, § 35A(b).  Such notice "shall be deemed delivered . . . (i) when delivered by hand to the mortgagor; or (ii) when sent by first class mail and certified mail or similar service by a private carrier to the mortgagor at the mortgagor's address last known to the mortgagee or anyone

holding thereunder."  *Id.*

BSI contends that it sent the right to cure notice required by § 35A.  Melissa Cantu, an assistant vice president at BSI, submitted an affidavit attesting that the company sent the notice on or about April 27, 2017.  (Cantu Aff. ¶ 8).  A copy of that notice was included with her affidavit.  (*Id.* ¶ 8 & Ex. F).  She attested that the mailing is evidenced by a "PS Form 3877" maintained by Nationstar, which was attached to her affidavit.  (Cantu Aff. ¶ 9 & Ex. G).  That document states that the § 35A notice was sent by certified mail with a specific USPS tracking number.  (*Id.*).  She also attested that the § 35A notice was left with an individual at the property, for which she provides the "Trackright Transaction Detail."  (Cantu Aff. ¶ 10 & Ex. H).

In response, plaintiffs submitted an affidavit from Casey Allen, an employee of the U.S. Postal Service.  Allen attested that she conducted a search of the USPS record system for the relevant tracking number.  (Allen Aff.  ¶¶ 2-3).  She "found that there was no record of any certified letter having ever been sent . . . to Zoe Greene or Kenneth Hawkes."  (*Id.* ¶ 4).  A screenshot, apparently of a similar search conducted on the USPS website and showing no search results for the tracking number, was attached.  (Sec. Amend. Compl. Ex. B).[5]

BSI has responded to that evidence with a screenshot of its own.  That screenshot purports to show the certified mail tracking number record system of the USPS.  (Mot. for Jud. Not., Ex. A).  The document indicates that the USPS retains certified mail tracking number records for only two years.  (*Id.*).  BSI thus contends that the tracking number did not produce any search results because the USPS does not keep records for the relevant period.[6]

---

[5] As with plaintiffs' earlier screenshot, the document was not accompanied by an authenticating affidavit. However, as discussed below, the screenshot is admissible as a self-authenticating document under Fed. R. Evid. 902(5).

[6] Allen's affidavit is dated September 19, 2019, and the § 35A notice is dated April 27, 2017, an elapsed period of more than two years.

BSI's screenshot was submitted without an authenticating affidavit.[7]  However, the screenshot is a self-authenticating document requiring no extrinsic evidence for authentication. *See* Fed. R. Evid. 902.  Rule 902(5) provides that official publications, which includes any "book, pamphlet, or other publication purporting to be issued by a public authority," are self-authenticating.  Fed. R. Evid. 902(5).  To be admissible under that rule, a screenshot from the USPS website would have to qualify as an "other publication" that was "issued by a public authority."

The first issue is whether USPS is a "public authority" as that term is used in the rule.  At least one court has found the USPS to be an agency of the United States for purposes of Fed. R. Evid. 902.  *See United States v. Moore*, 555 F.2d 658, 661 (8th Cir. 1977) (citing 39 U.S.C. § 101); *cf. Dolan v. U.S. Postal Service*, 546 U.S. 481, 483-4 (2006) ("[T]he Postal Service is an independent establishment of the executive branch of the Government of the United States . . . [and] has significant governmental powers . . . .") (internal citations and quotation omitted).  If there is any reason to believe otherwise, no evidence to that effect has been submitted to the Court.

The second issue is whether a screenshot is an "other publication" within the meaning of the rule.  In *Williams v. Long*, 585 F. Supp. 2d 679, 685-90 (D. Md. 2008), the court concluded that the bulk of caselaw examining the question had found that screenshots and documents from government websites, when the source was identifiable, constituted "other publications" within the meaning of Rule 902(5).  *Id.  Williams* went on to hold that the proponent of a "printed webpage[]" could prove that it was a"publication" within the meaning of Rule 902(5) in a

---

[7] BSI moved to separately have the court take judicial notice of the screenshot.  The court has separately denied that motion on the ground that it was not a prior subject of judicial notice under Fed. R. Evid. 201.

number of ways, such as including the "URL, date, and/or official title on a printed webpage to show that the information was from a public authority's website." *Id.* at 689. *See Stagikas v. Saxon Mortg. Services, Inc.*, 2013 WL 10093484 (D. Mass. Sept. 24, 2013) (following same approach); *see also Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself."). Here, the screenshot submitted by BSI lists both the URL and the date it was accessed. (Mot. for Jud. Not., Ex. A). Again, in the absence of any evidence to the contrary, it is undisputed that the document is a screenshot from the USPS website and therefore a self-authenticating "official publication" within the meaning of Rule 902(5).

Based on that evidence, summary judgment is appropriate on the issue of § 35A notice. BSI presented evidence that the letter was sent. Plaintiffs, in turn, proffered evidence only that there was no record of the tracking number, attempting to suggest that it was not sent. But the impact of that evidence was countered by BSI's showing, with uncontroverted evidence, that plaintiffs' failure to locate the tracking number was due to USPS record-retention policies. Under the circumstances, the Court concludes that the undisputed material evidence shows that the notice letter was sent.

Accordingly, because BSI sent the notice required by Mass. Gen. Laws ch. 244, §35A, summary judgment will be granted on Count 2.

### C.   Mass. Gen. Laws ch. 244, § 35B Notice

The final factual dispute concerns the "right to modify" notice required by Mass. Gen. Laws ch. 244, § 35B. That statute creates a duty for mortgagees to make efforts to avoid foreclosure, including requiring the acceptance of reasonable mortgage loan modifications as to

"certain mortgage loans." *See* Mass. Gen. Laws ch. 244, § 35B(a-b).  The parties appear to agree

that the loan here qualifies as a "certain mortgage loan." *Cf.* § 35B(c) (requiring notice only for

"certain mortgage loans"); (Mot. Sum. J., ECF 21) (disputing only whether § 35B notice was

sent, not whether it was required).

The statute requires that creditors "shall send notice, concurrently with the notice

required by . . . section 35A, of the borrower's rights to pursue a modified mortgage loan" before

foreclosure of such a loan.  Mass. Gen. Laws ch. 244, § 35B(c).  It further provides:  "Said notice

shall be considered delivered to the borrower when sent by first class mail and certified mail or

similar service by a private carrier to the borrower at the borrower's address last known to the

mortgagee or anyone holding thereunder. A copy of said notice shall be filed with the attorney

general." *Id.*

BSI contends that it sent the notice required by § 35B.  As evidence, it again relies on the

affidavit of Melissa Cantu, who attested that Nationstar "mailed" the required notice to the

plaintiffs on April 27, 2017, the same day that it mailed the § 35A notice.  (Cantu Aff. ¶ 11).  A

copy of the notice, authenticated by Cantu's affidavit, is attached.  (Cantu Aff. Ex. I).  Plaintiffs

have not submitted affidavits stating that they never received the notice.  Nonetheless, they

contend that the notice did not comply with the statutory requirements.

The first issue arises from the requirement that the notices under § 35A and § 35B be sent

"concurrently."  Plaintiffs appear to assume that Massachusetts law requires that both notices be

included in the same mailing.  They therefore contend that the issue concerning the tracking

number from the § 35A notice also applies to the § 35B notice.  (*See* Pl. Opp., 6).  That

argument, which is made without citation to authority, reads too much into the word

"concurrently."  The term "concurrent," in normal usage, means "at the same time."  The statute

does not require that the two notices be mailed in the same envelope.  Cantu's affidavit establishes that the notices were mailed on the same day, and thus they were sufficiently "concurrent" to satisfy the requirements of § 35B, even if they were not physically in the same envelope.  (*Compare* Cantu Aff. Ex. F *with* Cantu Aff. Ex. I).

A further issue concerns the manner in which the notice was sent.  Cantu's affidavit simply indicates that Nationstar "mailed" the § 35B notice.  (*See* Cantu Aff. ¶ 11 & Ex. I). Again, the statute provides that the creditor must "send the notice," and that it "shall be considered delivered" when sent by "first class mail and certified mail" or by private carrier. Mass. Gen. Laws ch. 244, § 35B(c).

Here, the only evidence in the record is Cantu's statement that the notice was "mailed."[8] Standing alone, that is evidence sufficient to prove that the notice was "sent."  If plaintiffs had submitted an affidavit that they never received the notice, or otherwise disputed delivery, perhaps the statutory language concerning when the notice "shall be considered delivered" might have been implicated.  But if the evidence is not disputed, evidence that the notice was "mailed" is sufficient proof that the notice was "sent" as required by the statute.  *See Wells Fargo Bank, N.A. v. Coffin*, 2018 WL 5532497, *10 (Mass. Land Ct. Oct. 29, 2018) (noting that an affidavit stating that the § 35B notice was mailed would suffice for the foreclosing party to prevail).

In sum, the undisputed evidence indicates that defendant complied with Mass. Gen. Laws ch. 244, § 35B.  Accordingly, summary judgment will be granted on Counts 3, 4, and 5, all of which rely in whole or part on the alleged inadequacy of the notice under ch. 244, § 35B.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the motion for summary judgment by defendant is

---

[8] A copy of the notice that was "mailed" is also part of the record.  (Cantu Aff. Ex. I).

GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  March 13, 2020                Chief Judge, United States District Court